At this time, we'll hear United States versus Dean. May I please the court? Danielle Wild on behalf of Mr. Dean. In this case, fairness dictates that Mr. Dean is entitled to resentencing before a different district court judge because the government failed to fulfill its responsibilities and uphold the terms of the plea agreement. Specifically, the plea agreement prohibited the government for advocating for an enhancement or a departure that was not in the agreed upon guidelines range included in the plea agreement. And in this case, the PSR probation recommended an enhancement for repeat and dangerous sex offender against minors. And although the government paid lip service to the Lawler decision, it characterized Mr. Dean as a highly dangerous and unrepentant sexual predator using the same language in the guidelines to frame its argument. You said the government agreed that it would not argue for an enhancement or a departure on the basis of this. They certainly agreed not to argue for an enhancement. Did the agreement, did the plea agreement say they would not argue for a departure? The plea agreement allowed for the government to advocate for a non-guideline sentence by arguing the 3553A factors. But the plea agreement did prohibit the government from arguing for an enhancement under the guidelines. And then- Why wasn't what the government was doing here simply making an argument pursuant to the 3553 factors? Because just as a panel of this court found in its recent decision in United States versus Robinson, the government's use of the guidelines terms of art in this case makes it different than simply arguing facts that would support a non-guideline sentence. In this case, the government didn't just recite Mr. Dean's criminal history and argue that that criminal history should support a non-guideline sentence. The government called Mr. Dean a highly dangerous and unrepentant sexual predator. There's no distinction between that and in the Robinson case, where the government characterized Ms. Robinson's role in the conspiracy as a manager, and that he participated in a managerial capacity. It's the use of the guidelines terms of art that makes the distinction in this case. And the government has- Are you saying that's what, in your view, breached the plea agreement? Yes, Your Honor. In this, panels of this court have repeatedly admonished the government against unfair advocacy in where a plea agreement is involved. Plea agreements are construed against the government in favor of the defendant because of the critical role that the government often plays in sentencing. And specifically in Amico, as well as in Riera, this court has admonished the government repeatedly that although it didn't find a breach in those cases, similar conduct by the government in the future would constitute a breach. And just as this court then found in Robinson in January of 2016, a line has been drawn by a panel of this court that the government cannot use the terms of art used by the guidelines in its sentencing advocacy. Even where the government is permitted to argue for a non-guideline sentence. And in this case, the government, just as the court found in Vaville at Robinson- Does the record reflect that at the time the plea agreement was entered into, these prior convictions were known? The prior convictions were known by the government. What the government- Were they state or federal? It was a state case. And the government at the sentencing hearing acknowledged that it was aware of the prior convictions. But it couched its argument by saying it wasn't aware of all of the facts and circumstances of those prior crimes because it knew of those prior convictions. So it cannot be said that that constituted new information that would have allowed, permitted the government to argue for- The prior conviction was for what? It was a 1992 conviction for, it was a sexual offense against a 13 year old girl. Those were the circumstances. What was the substantive criminal provision that he- I believe it was a state rape case in New York. But I would have to refer to the record because I don't recall that off the top of my head, Your Honor. I mean, was it just listed as assault, or sexual assault, or sexual assault in a minor, or do you know that? I, thank you. It was listed as a rape in the, he pled guilty to rape in the second degree. He was originally charged with rape in the second degree, sodomy in the second degree, for an act in a manner to injure a child less than 17. So once you saw that, you knew that a child was involved? Yes, Your Honor. And so the government was aware, certainly, of enough facts and circumstances where it could have and should have investigated further if it wanted to contemplate that as an enhancement to the guidelines. And in this case, certainly, one of the centerpieces of the plea agreement was the guidelines range that was agreed upon in the plea agreement. The record is clear from the sentencing submissions that there, and just even reviewing the docket in this case, that plea negotiations were extensive in this case. And the government had a heavy hand in negotiating the plea disposition in this case. And so, because it was a centerpiece, certainly, of the agreement, which Mr. Dean agreed to plead guilty, it cannot be said that this is a de minimis, that this would be a de minimis breach. It is a breach that went to the essence of the plea agreement, and Mr. Dean should be allowed to be re-sentenced before a different district court judge. At which the government should not be able to take a position as to the enhancement recommended by probation. That new judge would have the probation report. Yes, it would, but it cannot be said that the district court in this case would have necessarily applied the enhancement recommended by probation, but for the advocacy engaged in by the government. The conviction that formed the basis for this enhancement was 23 years old. It wasn't a recent conviction by any stretch of the imagination. And so, a different district court, not prejudiced by the advocacy, by the government, and characterization of Mr. Dean as a highly dangerous and unrepentant sexual predator, might not have applied that enhancement when it calculated the guidelines. Are you looking for a re-sentencing, or are you looking for a specific performance of the agreement? Well, we are looking for specific performance of the agreement, but what the agreement is, is that the government cannot advocate for an enhancement not contemplated by the guidelines at a re-sentencing hearing. So you're asking us to have, in effect, a redo rather than striking the enhancement? That's correct, Judge. And what gives you the, are you certain that if you prevail and achieve the decree that you've suggested, that this is in the interest of your client? That is, is it clear that going before another judge and starting what Judge Parker has called a redo, that this will serve his interest? That he will get a lower sentence than he received from Judge Larimer? Certainly that is a risk, Your Honor, but given the- It is a risk. It is a risk, but given the- Have you discussed that risk with your client? Yes, it has been discussed. So he knows that it's possible that if you prevail, it may be a Pyrrhic victory? Yes. And also, you're obviously aware that any re-sentencing judge will have a record that it's proceedings and any writing we file disposing of. So he'll know about this, the circumstances of this prior conviction. Well, certainly a different district court judge in any case, even in the Robinson case, would know about the circumstances of the prior conviction, would have probation's report, would have the decision of this court. However, the fierce advocacy that the government engaged upon would not, in characterizing Mr. Dean's criminal history and suggesting that that warrants a sentence within the recommended range by, the range recommended by probation, would not be present, and so a different outcome might be reached. So, just to follow up on Judge Cabranes' question. Tell me exactly what it is that you are hoping for in a redo. At a re-sentencing hearing before a different district court judge, the government would be ordered to specific performance of the plea agreement, at which the government would be able to argue the 3553A factors, but would not be able to advocate, whether effectively or explicitly, for an enhancement that was not contemplated in the guideline range as it did in the proceedings below. Well, that doesn't strike me as being particularly difficult burden for a smart government lawyer. Well, sir, but the government, by the government's use of the, by characterizing Mr. Dean as a highly dangerous and unrepentant sexual predator, that's different than just listing its criminal history and making that criminal history known before the court and asking that the court consider that in an above, to impose an above guideline sentence. Now, we've had a prolonged colloquy here on your contention that the district court speculated about prior, unreported, unidentified misconduct, right? Yes. That's your contention. As to the substantive unreasonableness point, yes. Did you object to any such prior, unreported, unidentified conduct before Judge Larimer? The defense attorney before Judge Larimer did not object to those specific comments, no. We would have to review this on, as plain error. Yes, your honors. Thank you. May I please the court? Monica Richards on behalf of the United States of America on this appeal. I guess sort of beginning with the concept, it is a troubling consideration here that were this case remanded for new sentencing, there was no objection here to the procedural correctness of that finding that the enhancement applied such that five levels were added to the total offense level. Was there an objection that one might characterize as on the question of substantive unreasonableness? That question has come up now in my last couple of cases, and I guess I just presume that it's in there, but I can't say that it is when there's an argument being held with regard to the entire range. I can't say that there wasn't. Yes, I see. So, unless, so that with regard to that procedural, purported procedural error, were this case sent back, the government would not be, the government could in fact argue exactly for a sentence in the higher range. That higher range here, we had a sentence of 216 months that was a below guideline sentence that was issued. But the government wouldn't be held back at all from arguing for a range within the guideline sentence as properly calculated by the district court. Here that the district court departed below, inuring to the defendant's benefit, he did not in fact technically abide by that enhancement as it was applied. Specifically then with regard to the advocacy by the government, the government's advocacy, in fact the nature of the plea agreement itself, paragraph 15, was to permit the government, based on the extensive criminal history, to cite to the court such factors. He was somebody who'd been violated for parole and had SORNA violations. And so to say, as my colleague here said, that we unfairly characterize this as highly dangerous and reported by the record without regard to the earlier criminal conviction, the 1992 conviction. That wasn't incorrect, that wasn't unfair. But you did invite speculation about misconduct that was not on the record, that was based on samplings and statistics, is that right? Right, that's in our submission page, it's in our record at page two, I'm sorry, page 51, footnote one. Right. The district court's reliance on that is certainly minimal, given the fact that he issued a below guideline sentence. Before I get there, I mean, it seems to me that you put the defendant in a very difficult position. How was he supposed to respond to accusations based on statistical presentations? That happens all the time, Your Honor, respectfully. Happens all the time? With regard to statistics, likelihood to be a recidivist, or likelihood to commit the same crime again? That has, based on information that has nothing to do necessarily with the defendant before the court, judges make decisions on the basis of compilations of statistics and samplings? When considering sentencing ranges, I think that's a preponderance of the evidence. That's not a finding proof of unreasonable doubt. That's not out in the blue, as was noted by the court earlier. This wasn't objected to, and the district court's consideration of it was minimal. And in order to the defendant's benefit, that there was that gap in time, and the judge specifically ruminated directly on the record. And we know exactly what he was thinking about it, that he says that he was considering the fact that it happened 23 years ago. He's thought about it. On one hand, you could say, it's at page 109 in the record. On one hand, you could say he hasn't changed his behavior at all, but on the other hand, there have been no subsequent convictions. So I guess the prior conviction, maybe I guess you can choose to consider in your favor. Otherwise, men and women could differ that it should count against you, but I choose not to do that. So this district court didn't hold it against him, that there was this intervening gap, and in order to his benefit, in fact, was a factor relied upon for the below guidelines sentence specifically. Regarding the substantive reasonableness of the sentence then, if the range here where the district court calculated it correctly, imposed the below guidelines sentence, and provided reasons that were both strongly in favor. I'm sorry, mitigating factors, as well as those seriousness of the offense, the criminal history, the lengthy history, and the need to deter specifically, those serious factors that were noted by the district court warranted the sentence imposed to the 216 months, and the finding by this court that that sentence was substantively reasonable. Unless there's further questions from the court? Thank you, Ms. Wright. Thank you. Ms. Wild? Yes, Your Honor, I just want to briefly address substantive reasonableness, because that seemed to be the government's main argument in upholding the sentence imposed. Although the court did go through several factors in considering what sentence to impose in this case, it still made unsupportive and contradictory arguments. Contradictory remarks regarding Mr. Dean's criminal history. Even if this court were to find that his sentence was not shockingly high, it's still unsupported by a matter of law based on those unsupporting contradictory remarks. In addition to the speculation of not his likelihood to be a recidivist, but in terms of how many uncharged or acts of sexual misconduct he might have engaged in over that 23 year gap. The court also speculated that Mr. Dean was promiscuous given the number of children he had with different women. Speculated and speculated that he was unresponsive and caring for his children. After he went through Mr. Dean's criminal history, the district court said something to the effect of not for nothing, but you've also had ten children with six different women. I don't know how responsive you've been in caring for them. And the fact that the court indicated that it was basing its sentencing determination on all of the factors it discussed, which includes the speculation of whether other acts of sexual misconduct were convicted. And whether he was a responsive father. This court can only speculate the weight that was given to those factors based on the unsupported assumptions. And so it was substantively unreasonable, even if not shockingly high, because it was unsupported as a matter of law based on those remarks. Thank you. Thank you. We will reserve decision and at this